IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEARICK FARR,            ) | |
| )             | |
| Plaintiff,          ) | |
| )             | |
| vs.                                 ) | Case No. 3:15-CV-00721-NJR-CJP |
| )             | |
| COMMISSIONER OF SOCIAL  ) | |
| SECURITY,                       ) | |
| )             | |
| Defendant.       ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

By Complaint filed on June 8, 2015, Dearick Farr seeks judicial review of a final decision by the Commissioner of the United States Social Security Administration, pursuant to 42 U.S.C. § 405(g). That decision denied Farr's claim for social security benefits. Now before the Court is Farr's motion for leave to proceed *in forma pauperis* ("IFP"), i.e., without prepaying the filing fee. The Court notes that Farr is currently an inmate at Vandalia Correctional Center in Vandalia, Illinois.

28 U.S.C. § 1915(a)(1) authorizes a federal district court to allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [she] possesses [showing] that [she] is unable to pay such fees or give security therefor." Farr has done so in the instant case (Doc. 3).

The Court's inquiry does not end here, because § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. The statute requires the Court to dismiss any complaint if (a) the allegation of poverty is untrue, (b) the action is

frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Farr originally filed his IFP motion on June 6, 2015 (Doc. 3), however, he failed to provide a copy of his prison trust fund account. On August 21, 2015, Farr was directed to provide a copy of his trust fund account within thirty days (Doc. 12). Pursuant to this Order, Farr filed his amended IFP motion, which included a copy of his trust fund account statement, on September 8, 2015 (Doc. 13).

Farr's complaint survives § 1915 review. Farr's sworn motion and affidavit establish that he is indigent for purposes of IFP review. Farr occasionally receives a little money from his aunt. Farr did receive $380 but sent $150 back to the sender so she could pay her rent. Further, Farr currently has only $5.55 in his account at Vandalia Correctional Center. Farr demonstrates that he has substantial expenses/debts, leaving exceedingly little discretionary income. Under these circumstances, the $350 filing fee presents a significant hardship, and the Court cannot conclude that Farr's allegation of poverty is "untrue." Likewise, the Court cannot conclude that the action is frivolous or malicious. Farr's complaint does not fail to state a claim upon which relief can be granted, and the named Defendant is not immune from suit for the requested relief.

Accordingly, the Court **GRANTS** the motions for pauper status (Docs. 3, 13). Because Plaintiff is a pauper and not represented by counsel at this time, the Clerk of Court is **DIRECTED** to prepare and issue summons and three USM-285 forms. The Clerk **SHALL** deliver the summons and two copies, the three completed USM-285

forms, three copies of the complaint, and three copies of this Memorandum and Order to the United States Marshal Service for service. The United States Marshal **SHALL**, in accordance with Rule 4(i) personally or by registered or certified mail serve the summons (or a copy of the summons), a copy of the complaint, and a copy of this Memorandum and Order on: (1) the Commissioner of the Social Security Administration, (2) the United States Attorney's Office for the Southern District of Illinois, and (3) the United States Attorney General. All costs of service shall be advanced by the United States.

Finally, the pending motion for attorney representation (Doc. 4) is **REFERRED** to Magistrate Judge Clifford J. Proud.

**IT IS SO ORDERED.**

DATED:   October 13, 2015

s/ _Nancy Rosenstengel_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**