IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEARICK FARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 15-cv-00721-JPG-CJP |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM and ORDER**

This matter is now before the Court on the defendant's Motion to Remand to Agency. (Doc. 38).

The parties have been unable to reach an agreement as to the terms under which this case should be remanded. Plaintiff does not oppose a remand, but states that the Commissioner should concede error and provide guidance to the Administrative Law Judge ("ALJ") as to why the analysis must be different when remanded.

The Commissioner states that her final decision contains errors and the matter should be remanded for further proceedings. She proposes that the Appeals Council will instruct the ALJ to re-adjudicate plaintiff's claim and issue a new decision. The Commissioner states that plaintiff shall be given an opportunity for a new hearing and the ALJ should consider whether further evidence of plaintiff's right knee and back impairments should be obtained. Further, the ALJ should assess plaintiff's residual functional capacity ("RFC") in accordance with the regulations and Social Security Ruling 98-8p.

Plaintiff states that the matters set forth in his opening brief should provide the basis for the remand. These issues are whether the ALJ violated Social Security Ruling 00-4p by failing

1

to consider inconsistencies between the Dictionary of Occupational Titles ("DOT") and the vocational expert's testimony; whether the ALJ erred by finding moderate limits in concentration, persistence, or pace and not accounting for these limitations in the RFC assessment; whether the ALJ 's RFC determination was improper by failing to account for "limited" social contact; and whether the ALJ erred by failing to order a consultative examination.

The Court believes that the issues both parties argue in their briefs have merit and should be looked at more closely. Several of the issues raised by the parties overlap and involve the same overarching errors within the ALJ's initial opinion. Therefore, this Court will incorporate the arguments from both parties and state that the case should be remanded for the reasons outlined below.

First, the ALJ should reassess the medical evidence. In doing so, the ALJ should focus on whether further evidence of plaintiff's back and right knee impairments should be obtained. If necessary, the ALJ will seek a consultative examination from a medical expert to evaluate plaintiff's back and knee problems.

Second, the ALJ should reassess plaintiff's RFC and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations. If the ALJ determines that Drs. Yakin and Jackson's opinions should be afforded great weight, then the ALJ shall fully account for the limitations the doctors provided in their assessments in the RFC determination. If the ALJ finds plaintiff's has limitation in concentration, persistence, or pace this shall be included in the work restrictions portion of the RFC assessment. The ALJ should follow applicable Seventh Circuit case law in forming this assessment. Further, the ALJ should look specifically at plaintiff's limitations regarding social contact.

Third, the ALJ shall obtain supplemental evidence from a vocational expert. When the vocational expert testifies the ALJ should ensure there are no inconsistencies between the expert's testimony and the DOT.

Finally, the ALJ should issue a new decision.

Plaintiff states that the procedural statutes in the Social Security Act do not allow for many of these issues to be heard unless the motion for remand is filed before the Commissioner files her answer. Here, the Commissioner filed the motion for remand after she filed her answer. However, there are two types of motions to remand under 42 U.S.C. Sec. 405(g); a sentence six remand and a sentence four remand. A sentence six remand provides that "[t]he Court may, on motion of the Commissioner made for good cause shown **_before_** she files her answer, remand the case to the Commissioner for further action by the Commissioner." *See Melkonyan v. Sullivan*, 501 U.S. 89, 101 n.2 (1991); *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993)(emphasis added).

A sentence six remand occurs when procedural difficulties, such as an inaudible hearing tape, incomplete record, or a lost file, necessitate a request for remand by the Commissioner. The joint conference committee of Congress in reporting upon the Social Security Disability Amendments of 1980 (to the Social Security Act) intended that such procedural defects be considered "good cause" for remand.

A sentence four remand depends upon a finding of error, and is itself a final, appealable order. See, *Melkonyan v. Sullivan*, 501 U.S. 89 (1991); *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 978 (7th Cir. 1999). A sentence four remand may occur after the Commissioner files her answer, and upon a sentence four remand, judgment should be entered in favor of plaintiff. *Schaefer v. Shalala*, 509 U.S. 292, 302-303 (1993). The case at hand involves a sentence four remand. As such, plaintiff's contention that

3

the filing of Commissioner's answer makes her unable to file a motion for remand is flawed.

Here, the Court finds error with the ALJ's opinion. Therefore, the Commissioner's Motion to Remand (Doc. 38) is **GRANTED**.

The final decision of the Commissioner of Social Security denying Dearick Farr's application for social security benefits is **REVERSED** and **REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to four of 42 U.S.C. §405(g). The Clerk of Court is **DIRECTED** to enter judgment in favor of plaintiff.

**IT IS SO ORDERED.**

DATED: 11/21/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**